NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REINA MADELIN TORRES-CONTRERAS; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3986 <br><br> Agency Nos. <br> A220-600-210 <br> A220-152-682 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2026**

Before: BENNETT, BADE, and SUNG, Circuit Judges.

Reina Madelin Torres-Contreras and her minor daughter, natives and

citizens of El Salvador, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's

decision denying their applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable. *Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020). We review for substantial evidence the agency's "conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020)). Under the substantial evidence standard, we will reverse the agency "only on a finding that the evidence not only supports a contrary conclusion, but compels it." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016)). We deny the petition for review.

Substantial evidence supports the agency's determination that Petitioners failed to establish that the proposed particular social group of "adult female Salvadorans with kinship ties to Salvadoran military service members" is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (finding a proposed particular social group was not cognizable "because of the absence of society-specific evidence of social distinction"). A particular social group must be "socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th

---

[1] Torres-Contreras' minor daughter is a derivative beneficiary of Torres-Contreras' application.

Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). "Social distinction refers to whether 'the people of a given society would perceive a proposed group as sufficiently separate or distinct.'" *Diaz-Torres*, 963 F.3d at 980 (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)). This "general social perception" is not "assessed from the perspective of the persecutors," but "from the perspective of 'the society in question as a whole,' 'the residents of a particular region,' or 'members of a different social group.'" *Id.* (quoting *Cordoba v. Holder*, 726 F.3d 1106, 1115 (9th Cir. 2013)). The agency's finding that a proposed group is socially distinct must be supported by an "evidence-based inquiry." *Id.*

Petitioners have pointed to no evidence of how their proposed group is perceived by Salvadoran society as a whole, by residents of any region, or by members of any social group. They have submitted evidence only that they believe gangs targeted their family on account of their relationship to military servicemen. But social distinction cannot be "assessed from the perspective of the persecutors." *Diaz-Torres*, 963 F.3d at 980.

Our holding in *Parada v. Sessions* is not to the contrary. 902 F.3d 901 (9th Cir. 2018). There, we found a cognizable particular social group when the petitioner was persecuted in El Salvador "'on account of' his family's government and military service." *Id.* at 910. But the particular social group in that case was

23-3986

the petitioner's family, singled out by name by the persecuting guerillas. *Id.* We have not held that families of servicemembers generally constitute a particular social group in El Salvador, and the record in this case does not "compel[]" a "contrary conclusion." *Diaz-Torres*, 963 F.3d at 980 (quoting *Reyes*, 842 F.3d at 1137). The agency's conclusion that Petitioners' proposed particular social group was not socially distinct is supported by substantial evidence, and thus resolves their asylum and withholding of removal claims. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021) (finding petitioner ineligible for asylum and withholding of removal when proposed particular social group is not socially distinct).

Petitioners' arguments about their CAT claim and their alternate proposed particular social group are not properly before us because Petitioners did not raise them before the BIA. Petitioners failed to exhaust these claims, and we are therefore barred from considering them. *See* 8 U.S.C. § 1252(d)(1); *Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024) ("[Section 1252(d)(1)]'s exhaustion requirement is a non-jurisdictional, but mandatory, claim-processing rule.").

Though Petitioners raised a political opinion claim before the BIA, the BIA declined to consider it because Petitioners had not raised it before the Immigration Judge. We have the power to hear claims first brought before the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1295 (9th Cir. 2019) (per curiam). And the

BIA "may apply a procedural default rule to arguments raised for the first time" before it "on appeal" from an Immigration Judge.  *Id.* at 1296.  In any event, Petitioners do not contest in their opening brief the BIA's determination that the political opinion claim was not properly before it, so that challenge is forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not addressed "specifically and distinctly" in the opening brief are forfeited (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

**PETITION DENIED**.[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.  The motion for a stay of removal (Dkt. 2) is otherwise denied.